UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRIAN POWELL and TIFFANY POWELL, | ) ) ) |
| Plaintiffs | ) JURY TRIAL DEMANDED ) |
| vs. | ) Case No: ) 8:18-CV-1189-T-23JSS ) |
| MODERN DAY PROPERTY MANAGEMENT, INC., a Florida Corporation | ) ) ) |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiffs Brian Powell and Tiffany Powell and brings this action to recover money damages from Defendant, MODERN DAY PROPERTY MANAGEMENT, INC. a Florida Corporation, for the Defendant's unlawful and illegal discriminatory housing practices in violation of well-established Federal Housing Act protection laws 42 U.S.C §3604 regarding protected classes of disabled persons with a handicap as defined in 42 U.S.C §3602(h)(1),(2),(3).

## JURISDICTION

1. This is an action for damages brought by individuals against Defendant, MODERN DAY PROPERTY MANAGEMENT, INC. (hereafter "MDPM, Inc.") a Florida Corporation, for violations of the Fair Housing Act (hereinafter "FHA") 42 U.S.C. §3604.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Brian Powell is a disabled OEF/OIF veteran with a record of physical and mental "Handicaps" pursuant to the definition in 42 U.S.C §3602(h)(1),(2),(3).



5. Plaintiffs Brian Powell and Tiffany Powell and their dependent daughter M.C.P. birth year 2001 reside in Grand Island, Florida.

6. Plaintiffs rent pursuant to the definition in 42 U.S.C. §3602(e).

7. Plaintiffs are an "Aggrieved person" pursuant to the definition in 42 U.S.C. §3602(i)(1).

8. Defendant MDPM, Inc. is a Florida corporation in the business of renting dwellings pursuant to 42 U.S.C. §3603(c), with a principal place of business at 3300 Commercial Way, Spring Hill, FL 34606.

## FACTUAL ALLEGATIONS

9. The violations at issue arise during the rental of the real property located at 4753 Keysville Ave., Spring Hill, FL 34608.

10. Defendant denied the disabled plaintiff Brian Powell rent for the property without providing any such lawful and reasonable accommodations he requested for his physical and mental handicaps pursuant to the definition in 42 U.S.C §3602(h) (1),(2),(3).

11. Defendant denied the plaintiff Tiffany Powell rent, or otherwise made unavailable the dwelling because of her association with her disabled spouse Brian Powell pursuant to 42 U.S.C §3604(f)(1)(C), and (f)(2)(C).

12. Defendant denied the plaintiff's dependent daughter M.C.P birth year 2001 rent, or otherwise made unavailable the dwelling based upon her association with her disabled parent Brian Powell pursuant to 42 U.S.C §3604(f)(1)(C), and (f)(2)(C).

13. Defendant's discriminatory housing practices were illegal, unlawful, deceitful, and deceptive.

14. Defendant knew or should have known their duties pertaining to requests for accommodations by and for disabled persons and unlawful illegal housing discrimination practices.

## COUNT I

### Fair Housing Act – Discrimination Because of Plaintiff's Disabilities

15. On 04/25/2018, Plaintiffs applied for the rental property located at 4753 Keysville Ave., Spring Hill, FL 34608. A copy of the application receipt letter is attached hereto as **Exhibit A**.

16. On 04/27/2018 MDPM Inc.'s leasing representative held a teleconference with the disabled plaintiff Brian Powell.

17. During the 04/27/2018 teleconference, the plaintiff Brian Powell requested accommodations for his application citing his status as a disabled person with handicaps.

18. During the 04/27/2018 teleconference, Defendant questioned the disabled plaintiff regarding the existence and severity of his disabilities and how they specifically affect his ability to perform major life functions.

19. On 04/30/2018, MDPM, Inc. denied the applications without providing any accommodations. A copy of the denial letter is attached hereto as **Exhibit B**.

20. Defendant discriminated against the plaintiff Brian Powell in the terms, conditions, or privileges of the rental of the dwelling, or in the provision of services or facilities in connection with the dwelling, because of his handicaps in violation of 42 U.S.C. §3604,(f)(2)(A),(B) which states:

> "it shall be unlawful – **(f)(2)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—

> **(A)** *that person*; or
> **(B)** *a person residing in* or intending to reside in that dwelling *after it is so sold, rented, or made available*;" (emphasis)

21. Defendant made unavailable and denied rental of the dwelling to plaintiff Brian Powell because of his handicaps in violation of 42 U.S.C. §3604,(f)(1)(A),(B) which states:

> "it shall be unlawful—**(f)(1)**To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to *any* buyer or renter because of a handicap of—
> **(A)** *that buyer or renter,*
> **(B)** *a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available*;" (emphasis)

22. Defendant is liable to the plaintiffs in the sum of actual and punitive damages, injunctive relief pursuant to 42 U.S.C. §3613(c)(1) and reasonable attorney's fees and costs per 42 U.S.C §3613(c)(2).

## COUNT II

### Discrimination Against Person Associated With Disabled Renter with a Handicap

23. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

24. Plaintiff Tiffany Powell is the legal spouse of the disabled renter Brian Powell.

25. Defendant discriminated against plaintiff Tiffany Powell and denied rent of the dwelling because of her association with her disabled spouse pursuant to 42 U.S.C. §3604(f)(1)(C) which states:

> "it shall be unlawful—To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to *any* buyer or renter because of a handicap of—
> **(C)** *any person associated with that buyer or renter.*" (emphasis)

26. Defendant discriminated against the plaintiff Tiffany Powell in the terms, conditions, or privileges of rental of the dwelling, or in the provision of services or facilities in

connection with the dwelling, because of her association with her disabled spouse pursuant to 42 U.S.C. §3604,(f)(2)(C) which states:

> "it shall be unlawful **(f)(2)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
> **(C)** *any person associated with that person.*"(emphasis)

27. The acts and or omissions of Defendant were unfair, unconscionable, unlawful, intentional, deceptive, fraudulent, and absent bona fide error, legal defense or legal excuse.

28. Defendant is liable to the plaintiffs in the sum of actual and punitive damages, injunctive relief pursuant to 42 U.S.C. §3613(c)(1) and reasonable attorney's fees and costs per 42 U.S.C §3613(c)(2).

## COUNT III

### Discrimination Against Person Associated With Disabled Renter with a Handicap

29. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

30. On 04/25/2018, plaintiffs Brian Powell and Tiffany Powell applied for the rental property on behalf of their dependent daughter M.C.P. birth year 2001.

31. Defendant discriminated against the plaintiffs' dependent daughter M.C.P. birth year 2001 and denied rent of the dwelling because of her association with her disabled parent pursuant to 42 U.S.C. §3604(f)(1)(C) which states:

> "it shall be unlawful—To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to *any* buyer or renter because of a handicap of—
> **(C)** *any person associated with that buyer or renter.*" (emphasis)

32. Defendant discriminated against the plaintiff's dependent daughter M.C.P. birth year 2001 in the terms, conditions, or privileges of rental of the dwelling, or in the provision of

services or facilities in connection with the dwelling, because of her association with her disabled parent pursuant to 42 U.S.C. §3604,(f)(2)(C) which states:

> "it shall be unlawful **(f)(2)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
> **(C)** *any person associated with that person.*"(emphasis)

33. The acts and or omissions of Defendant were unfair, unconscionable, unlawful, intentional, deceptive, fraudulent, and absent bona fide error, legal defense or legal excuse.

34. Defendant is liable to the Plaintiffs in the sum of actual and punitive damages, injunctive relief pursuant to 42 U.S.C. §3613(c)(1) and reasonable attorney's fees and costs per 42 U.S.C §3613(c)(2).

## JURY TRIAL DEMAND

35. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby pray for the following relief on the foregoing Counts against Defendant:

A. For Counts I, II, and III, an award equal to the monthly amount ($1,000.00 per month) for a 12-month lease (totaling $12,000.00);

B. For Counts I, II, and III, an award of damages in the amount of $10,000.00 for Plaintiffs emotional distress;

C. For Counts I, II, and III, award of punitive/penalty damages in the amount of $16,000.00 for each of Defendant's knowing and/or willful violations of the Fair Housing Act [42 U.S.C. §3604] (totaling $48,000.00);

D. Award of attorney's fees and costs pursuant to 42 U.S.C §3613(c)(2);

E. For all the foregoing causes of action a cumulative award against all Defendants, jointly and severally, in favor of Plaintiffs for the total amount of $70,000.00 plus court costs and Plaintiff's reasonable attorney fees.

F. All such other relief, legal and equitable, as permitted by law.

DATED this 9th day of May, 2018.

*/s/ Brian M. Powell*
BRIAN M. POWELL

*/s/ Tiffany M. Powell*
TIFFANY M. POWELL
*Pro Se* Plaintiffs
12535 Draw Drive
Grand Island, FL 32735
H: (352)301-7585
brian-po@live.com

## CERTIFICATE OF SERVICE

I hereby certify on <u>May 9th, 2018</u> I presented the foregoing <u>COMPLAINT</u> to the Clerk of the Court for filing and uploading to the CM/ECF system.

*[signature]*
BRIAN M. POWELL

*[signature]*
TIFFANY M. POWELL
*Pro Se* Plaintiffs